**In re PRE–INDICTMENT RESTRAINING ORDER.**

**No. 11–mc–239.**

United States District Court, D. Maryland, Northern Division.

Sept. 7, 2011.

---

Stefan D. Cassella, Tonya Nicole Kelly, Office of the United States Attorney, Baltimore, MD, for United States.

## ORDER

BENSON EVERETT LEGG, District Judge.

Before the Court is the Government's motion to modify a pre-indictment protec-

tive order, issued pursuant to 21 U.S.C. § 853(e)(1)(B), to include additional forfeitable assets, and to direct Rodney R. Hailey to deliver certain other forfeitable assets to the U.S. Marshals Service.

## BACKGROUND

On May 13, 2011, Judge Gesner issued warrants authorizing the seizure of approximately 21 automobiles and 13 bank accounts ("the seized assets"), based on probable cause to believe that the assets were traceable to $8.4 million in fraud proceeds that had been deposited initially into account number * * * *9901 at M & T Bank, held in the name of Rodney R. Hailey ("Hailey").[1]

The seized assets, had a combined value in excess of $2 million, but represented only a fraction of the funds that had been deposited into the account at M & T Bank. Accordingly, on the same day and based on the same showing of probable cause, Judge Garbis issued a temporary restraining order pursuant to 21 U.S.C. § 853(e)(2), enjoining Rodney R. Hailey, Tracey Oliver Hailey and others from "spending, transferring, dissipating, encumbering or placing beyond the jurisdiction of this court any assets traceable to account * * * *9901 at M & T Bank, except for such expenses as may be necessary to acquire food, shelter and medical attention."

A copy of the May 13 Order was served personally on Hailey at his residence in Anaheim, California at 9:00 a.m. on May 14, 2011, the day after the seizure of the seized assets. On or about May 23, 2011, the Government filed an unopposed motion to convert the May 13 Order to a 90–Day Protective Order pursuant to Section 853(e)(1)(B). Judge Quarles issued the Protective Order on June 1, 2011, and

Judge Garbis granted the Government's motion to extend the Protective Order for an additional 90 days on August 31, 2011. Accordingly, since May 14, 2011, Rodney R. Hailey and Tracey Oliver Hailey have been continuously subject to an order restraining them from spending, transferring or dissipating any assets traceable to account * * * *9901 at M & T Bank ("the traceable assets"), except where such assets were need to pay for food, shelter or medical attention.

On August 8, 2011, the Government advised the court that it had learned that Hailey and his associates were engaged in the sale and transfer of assets subject to the restraining order, and that Hailey had spent large quantities of currency, also covered by the restraining order, on luxury items. Accordingly, the Government asked the court to issue an order directing Hailey to provide an accounting of all traceable assets still in his possession, and to account for any expenditures that occurred after the issuance of the May 13 Order. Judge Bennett issued that Order ("the Accounting Order") on or about August 12, 2011, and directed Hailey to comply within 10 days.

## HAILEY'S RESPONSE TO THE ACCOUNTING ORDER

The Government received Hailey's response to the Accounting Order on August 30, 2011. In its instant motion, the Government directs the Court's attention to the following:

1. One of the traceable assets that the Government was unable to locate and seize on May 13, 2011 was a Bentley Automobile purchased by Hailey on November 16, 2010 for $187,582 that was drawn on account * * * *9901. According to his response to the Accounting Order, Hailey

1. The warrants were issued pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), which

authorize the seizure of property for forfeiture based on a showing of probable cause.

sold the Bentley on or about May 11, 2011, and used the $146,000 in proceeds from the sale to open a checking account and a Certificate of Deposit at Bank of America on May 13—the day of the seizures of the M & T accounts—and subsequently to open another account at JPMorgan Chase. The Bank of America accounts are account numbers 10435–71731 and 10433–15125, respectively, and the JPMorgan Chase account is account number 974931099. As of the date the response to the Accounting Order was filed, those accounts, collectively, contained approximately $24,000. The remainder of the $146,000 from the sale of the Bentley has been dissipated.

2. A review of Hailey's bank records reveals that during the months of May and June, 2011, Hailey made almost daily disbursements from the Bank of America accounts for items unrelated to obtaining "food, shelter or medical attention." The following examples are taken from the records that Hailey attached to his response to the Accounting Order.

Table 1

| | | |
|---|---|---|
| 5/23/11 | Macy's | $ 587.76 |
| 5/23/11 | Macy's | $ 661.98 |
| 5/24/11 | Target | $ 442.62 |
| 5/27/11 | Modell's | $ 207.50 |
| 5/31/11 | Saks Fifth Avenue | $ 261.30 |
| 5/31/11 | Saks Fifth Avenue | $ 293.96 |
| 5/31/11 | Armani | $ 393.26 |
| 5/31/11 | Saks Fifth Avenue | $ 523.14 |
| 5/31/11 | Saks Fifth Avenue | $ 702.78 |
| 5/31/11 | Saks Fifth Avenue | $ 729.47 |
| 5/31/11 | Prada | $ 740.35 |
| 5/31/11 | Saks Fifth Avenue | $ 751.24 |
| 6/1/11 | L'occitane | $ 204.70 |
| 6/1/11 | Saks Fifth Avenue | $ 553.93 |
| 6/1/11 | Saks Fifth Avenue | $ 1,985.87 |
| 6/6/11 | Saks Fifth Avenue | $ 1,161.68 |
| | Total | $10,201.54 |

3. The Government's motion for the Accounting Order included a schedule of disbursements from the M & T Bank accounts that occurred prior to May 13, 2011. Pursuant to the Accounting Order, Hailey was required to provide an accounting of all items traceable to those disbursements that remained in his possession. In his response to the Accounting Order, Hailey did provide, at Exhibit B, a schedule that accounts for the whereabouts of many of the items on the Government's schedule. However, Hailey's response omits any reference to the whereabouts of the following items:

Table 2

| | | |
|---|---|---|
| 3/1/10 | 3.75 ct white gold diamond ring | $20,000.00 |
| 8/25/10 | diamond bracelet/white gold | $12,050.00 |
| 12/10/10 | diamond hoop earring, white gold w/ round cut diamonds | $10,900.00 |
| 12/10/10 | diamond tennis necklace w/ 23.94 ct in diamonds | $26,000.00 |
| 7/31/10 | diamond bracelet w/ 25.90 ct in diamonds & 137 gr gold | $13,000.00 |
| | Total | $81,950.00 |

4. The Bank of America records also reveal that Hailey made numerous cash withdrawals from his accounts after May 13, 2011. Exhibit D to his response to the Accounting Order sets forth Hailey's explanation for the whereabouts of the proceeds of those cash withdrawals. According to Exhibit D, Hailey "does not recall" how he disbursed $7,700. His other cash disbursements include $3,200 to pay for an airline ticket from Los Angeles to Maryland on 5/16/11 and $3,900 to maintain a tropical fish tank in his residence.

## DISCUSSION

Congress enacted Section 853(e) to preserve assets that will be subject to forfeiture if a defendant is convicted of a criminal offense. *See United States v. Wittig*, 2007 WL 1875677, *6 (D.Kan.2007) ("the purpose of § 853(e)(1)(A) is to preserve assets and assure the availability of property pending disposition of the criminal case"). Under the statute, the Court must issue a restraining order or injunction or "take any other action to preserve the availability of property" based on a showing of probable cause to believe that the property is subject to forfeiture. *United States v. Monsanto*, 491 U.S. 600, 615–16, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). *See United States v. Wingerter*, 369 F.Supp.2d 799, 811 (E.D.Va.2005) ("there is no discretion to permit a defendant to spend assets that are subject to forfeiture, including substitute assets. They must be preserved for forfeiture."); *United States v. Amoruso*, 2009 WL 1037917 (N.D.W.Va. Mar. 30, 2009) (following *Monsanto* and *Wingerter*; issuance of a pre-trial restraining order is mandatory; the court's only discretion relates to the manner of the restraint). These rules apply equally to pre-indictment orders issued under Section 853(e)(1)(B) and post-indictment orders issued under Section 853(e)(1)(A). *See In re Restraint of Bowman Gaskins Financial Group Accounts*, 345 F.Supp.2d 613, 627–28 (E.D.Va.2004) (*Monsanto* applies equally to preindictment orders).

The court's authority under Section 853(e) is not limited to enjoining a person from dissipating forfeitable assets. To the contrary, under the express authority to take "any other action" to preserve property subject to forfeiture, the court may affirmatively direct a person to deposit forfeitable property with the court or a designated custodian to ensure that it remains within the jurisdiction and control of the court. *See United States v. Adams*, 2010 WL 4069009 (N.D.W.Va. Oct. 13, 2010) (the Supreme Court's holding in *Monsanto* that the preservation of assets for criminal forfeiture is mandatory applies equally to assets overseas; the court therefore may enter an order directing defendants to repatriate any forfeitable property).

Here, the Government has established probable cause to believe that funds in three previously unrestrained bank accounts are traceable to the sale of a Bentley automobile which, in turn, was purchased with funds drawn from the bank account that contained $8.4 million in fraud proceeds. Hence, there is probable cause to believe that the funds in the three accounts are subject to forfeiture and hence must be restrained pursuant to Section 853(e)(1)(B).

Moreover, given the evidence that Hailey has been dissipating assets that fall squarely within the scope of the orders previously issued by this Court, and that he has not disclosed the whereabouts of other traceable assets despite the issuance of an Accounting Order that directed him to do so, it is apparent that a mere restraining order is insufficient to preserve the property traceable to the alleged fraud scheme until charges are filed and the case is brought to trial. Only an order affirmatively directing Hailey to produce and deliver the traceable property in his possession to the custody of the court will accomplish that end.

Accordingly, it is HEREBY ORDERED that the Bank of America will freeze and restrain all funds in checking account 10435–71731, Certificate of Deposit account 10433–15125, and any other account or instrument held by Rodney R. Hailey, Tracey Oliver Hailey or any other person

who is a signatory to either of those accounts;

And it is FURTHER ORDERED, that JPMorgan Chase will freeze and restrain all funds in account number 974931099 and any other account or instrument held by Rodney R. Hailey, Tracey Oliver Hailey Or any other person who is a signatory to that account;

And it is FURTHER ORDERED, that Rodney R. Hailey shall produce and deliver to the U.S. Marshals Service, within five days of the date of this Order, all of the assets purchased at Macy's, Saks Fifth Avenue, Armani, Prada, L'occitane, Modell's and Target in the transactions listed in Table 1, as well as all of the diamond jewelry listed in Table 2. Mr. Hailey may comply with this Order by delivering the referenced property to Deputy U.S. Marshal Rick Henry at the Office of the United States Attorney, 36 S. Charles St., 4th Floor, Baltimore, MD 21201.

IT IS SO ORDERED.